**UNITED STATES of America, Plaintiff,**

**v.**

**Gerry Lee HENDEY, Defendant.**

**Crim. A. No. 83–CR–400.**

United States District Court,
D. Colorado.

April 30, 1984.

Robert N. Miller, U.S. Atty. and Douglas W. Curless, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Gerry Lee Hendey, pro se.

Michael Katz, Federal Public Defender and Vicky Mandell-King, Asst. Federal Public Defender, Denver, Colo., In Advisory Capacity, for defendant.

## ORDER DENYING MOTION TO MODIFY SENTENCE

KANE, District Judge.

This case is before me on the defendant's motion for modification of his sentence pursuant to Rule 35(b) Federal Rules of Criminal Procedure. A hearing was held on April 26, 1984 when I denied the motion from the bench. The following opinion supplants the bench ruling.

On February 2, 1984, the defendant was found guilty of the crime of trespassing pursuant to 42 U.S.C. § 2278a(a) and (c) and 10 C.F.R. §§ 860.3 and 860.5 following a trial to court. On March 9, 1984, the defendant was sentenced to one year imprisonment and a $5,000 fine. The sentence was suspended and the defendant was placed on probation for a period of two years. In accordance with 18 U.S.C. § 3579, I found that Rockwell International was the victim of this offense and ordered that the defendant make restitution in the amount of $200 for costs, additional labor, equipment and personnel used to effect the defendant's arrest on December 25, 1983—the day the offense was committed. Payment was specifically ordered to be made in monthly installments of not less than $5 and not more than $10.

The facts of the offense were uncontested. On Christmas Day, 1983, defendant crossed a barrier at the Rocky Flats Nuclear Plant site in the suburban area of Denver, Colorado. Under contract with the United States Department of Energy, Rockwell International operates the plant. "No trespassing" signs and notice of the prohibition and penalties therefor were properly posted.

The defendant admitted the offense and stated:

"I did this action because I felt I had an obligation. Life, our earth, our children are gifts from God. Nuclear weapons, our manifested fear and violence, pose a threat not only to physical life but to the spiritual life of our souls. Rocky Flats is a symbol of our despair. I wanted to bring into Rocky Flats symbols of our hope."

When the defendant crossed the barrier, he was carrying with him a styrofoam star to which pictures of adults and children had been fastened.

My comments when imposing sentence were substantially as follows:

Every action by any person is implicitly symbolic. It's also actual. There are people who agree with you and there are people who disagree with you. You are entitled to your beliefs. In a free and orderly society, so are people who disagree with you, but none of you, those with whom you agree or those with whom you disagree, is entitled to commit crimes in order to express whatever views you might have.

There is nothing that is implicitly or explicitly wrong or immoral with a statute that prevents persons from intruding upon the privacy and rights of others. The error, as I perceive it to be, with these attempted justifications at civil disobedience in these cases is fundamental: You are not attacking the injustice of a law which protects the personal integrity, privacy and property rights of others. That is not your purpose. That is not the law that you are challenging. Instead it's the law which you intentionally find to be unimportant because somehow or other your own needs of expression are not satisfied.

Your views and those who oppose you are totally irrelevant to a legal process which attempts to maintain order. You've indicated you are not willing to pay a fine. It's completely immaterial whether you are willing because, to have something better than anarchy in our society, we maintain discipline, and that discipline means that

you will live by the same standards as anyone else willing or not.

The arms race doesn't have a thing to do with trespass. The symbolic act, as you suggest, of trespassing may symbolize many things for you but it symbolizes violence to the law to me and the law is something which none of us is above and certainly none is below. Under these circumstances and considering that you have not indicated any willingness at all in the presentence report or in your statements to recognize the fundamental rights of others, I find nothing mitigating about your conduct. Therefore, it's the judgment and sentence of this court that you be committed to the custody of the Attorney General for a period of one year and that you be fined in the amount of $5,000. I am suspending this fine and placing you on probation for a period of two years subject to the following conditions:

The first is that you not commit any other offenses during this two-year period of time. The second is that under the Crime Victims and Witnesses Protection Act you are to pay restitution for the damage that you caused to Rockwell International. That damage, the total amount I am assessing, does not equal the actual amount of damage caused by you alone, personally, but is an amount which I have reduced given your present economic circumstances. Therefore, you will pay in monthly installments to a total of $200 restitution to Rockwell International for the costs of bringing their people out on holidays, for the costs of their having to pay additional compensation to them for the interruption of their holiday and for the costs that they incurred in having to have men, vehicles and machinery in order to keep you out of a place which is protected by law. Those payments shall be in equal installments of not less than five nor more than ten dollars over the period of probation. If an installment is more than ten days late, it will be deemed to be a violation of your probation. The choice is then yours, Mr. Hendey. You can serve your sentence or you can stay out of trouble. That's your choice.

The motion to modify the sentence was filed on April 9, 1984. The defendant asserted that his actions were motivated by his deeply held religious convictions and committed "only after very serious thought." His counsel stated, "The court must be aware that its order of restitution directly to Rockwell International is in conflict with [defendant's] beliefs and the symbolic nature of his illegal act of trespass.... In other cases of this nature, restitution has not been ordered. Instead, fines or community service have been imposed." Accordingly, the defendant requested that the sentence be changed to the imposition of a substantial amount of public service or, alternatively, to modify the restitution requirement so that his payments would go "to another entity such as the Colorado Atomic-Agent Orange Veteran's Coalition...."

In *United States v. Jones*, 475 F.Supp. 1152 (D.Colo.1979), I discussed the factors which are to be considered at sentencing. No useful purpose would be served by repeating them here. Rather, I will set forth the substance of my bench ruling in denying the motion.

There is a beneficial purpose in explaining precisely why I have imposed the sentence that I did, though that is not legally required, and most advice to judges tells us not to explain. I think it is necessary in this case:

There is, first of all, no doubt, as defendant's counsel points out, that no other judge has imposed this condition on any previous acts at Rocky Flats and that it places the defendant in a position where making restitution for his acts to an institution which he opposes contravenes his deeply held beliefs. I say first of all that I have absolutely no criticism of the defendant's conduct in court. He's conducted himself properly here. Secondly, I have absolutely no criticism of his deeply held religious beliefs because they are none of my business. Certainly, they're none of the government's business, and I do not judge them.

I recall in the motion under 35(b), as well as the statements of the defendant, that he felt his actions were necessary; that they were a symbolic act. I point out first of all that any act is symbolic. It's also physical and actual, and any act has an effect upon, if not matters of physics and nature, at least upon others or other ideas. I'm not overly concerned with the symbolism involved in these acts as they are interpreted by the defendant. The symbolism I glean is quite a bit different from perhaps what the defendant intended. Perhaps, it is different from what other people recognize.

My sentence, like any other activity, can be regarded as symbolic. I gave this sentence a great deal of thought because I have to be concerned not only with the needs and circumstances of the defendant, but also with the people who are involved, who are brought into the sphere of his actions and, in a sense, are victims of his offense. I called for a report to find out just how much inconvenience on this Christmas Day was occasioned. The total amount of additional costs was $777.71. Those figures have never been attacked. I see no reason for them to be. They seem to be reasonable under all circumstances. My order of restitution in the amount of $200, therefore, is more symbolic than actual. Another reason why I have to consider the kinds of penalties which are imposed is in order to establish a deterrent for others. Deterrence is indeed a critical aspect of the sentencing process. It may be clumsy and it may be brutal, but it's nevertheless essential.

The symbolism involved in the defendant's action, as I interpret it, having seen or tried well over a hundred of these cases of defendants involved in trespass at Rocky Flats, is this, and why it presents, in my view, a new consideration: This crime occurred on Christmas Day. I don't need to concern myself with the religious significance or differences that people have about Christmas Day. I don't have to get into any kind of anthropological discussion about how the symbolism of Christmas and

a new birth is repeated in other religions as well.

I don't have to concern myself with this being specifically a Christian holiday. I don't, but I take notice that it is indeed a special holiday and that the people who work for a living for themselves and for their families at Rocky Flats have handled all of these cases with courtesy and themselves acted in a nonviolent manner—there's been no brutality connected with any of these demonstrations—and that these people were taken away from their homes, from their families, from their day of celebration, to go back to the same routine that exists every time one of these events occurs. It seems to me the defendant gave little or no consideration to these people, to their rights of association, to their opportunities to engage in the most deeply-felt human experiences of joy and family solidarity, in order that he might satisfy his own deeply held religious beliefs. Why it couldn't have been done on another day and not destroyed the peace that these people had is a question that only the defendant can answer, but I think it was grossly inconsiderate of other people and of their rights. It reflected, in my view, and still does, more of a need for immediate gratification of impulse on the part of the defendant than it does any kind of justifiable action. Such is the symbolism involved in it for me.

Finally, I point out that I simply cannot conclude that his actions amount to civil disobedience. Civil disobedience necessarily must be distinguished from casual law-breaking if it is to have any meaning or is to be given even its self-asserted legitimacy. At the very least, civil disobedience requires at least six constituent elements: [1]

First, it requires a careful ascertainment of the facts of the law before breaking it. I have yet to hear the defendant or anyone else suggest that a law which prohibits trespass has any kind of moral iniquity attendant upon it.

Second, it requires negotiation with those administering the law. I've received no

---

1. *See* Martin Luther King, "Letter from a Birmingham Jail," *Christian Century* 80 (June 12, 1963): 767–773; Robert T. Hall, *Morality and Disobedience* (New York: Harper & Row, 1971).

evidence that there is anything involved here other than accommodation on the part of the people at Rockwell to provide the defendant and others with an opportunity to demonstrate and express their views. That provision and accommodation has been ignored and replaced with deliberate violation of a law not passed by Rockwell but by Congress to apply throughout the country to all people irrespective of their beliefs, irrespective of particular issues involved, in order to maintain some degree of order and mutual accommodation. Such is the essence of freedom. It is a law which protects individual rights, and those include the rights held by those with whom we disagree.

The next element is the removal of any consideration personal to the one engaging in civil disobedience. I relate back to my comments about this offense being committed on a day, a holiday, which required people to leave their homes, families and loved ones. The only conclusions I can draw from the facts of this case are that either the defendant did not consider the effect of his actions on others, in which case he was grossly insensitive to their rights and feelings, or that he did consider it and it didn't matter because he felt his own personal conduct was more important than theirs. In either case, it isn't civil disobedience.

The fourth element is the preclusion of any violence, symbolic or actual. The jumping over the barrier, if not actual violence, certainly is symbolic of an invasion of a barrier established to define the perimeter of the exercise of property rights.

The fifth element is a supportable determination that the law is unjust. As I've mentioned earlier, I've yet to hear anybody who has suggested that this law is unjust. We're not involved with a trespass at common law where starving people were prevented from poaching in the King's forest; we're not dealing with a law which prohibits Indian citizens from obtaining salt; and we're not talking about a trespass law which prohibits Japanese American citizens from leaving so-called relocation camps during World War II. We're not involved with any kind of law which can be con-

sidered unjust by supportable, identifiable criteria.

The sixth element is a willingness to accept whatever penalty is imposed. I suppose in this instance, since this kind of penalty has not been imposed in the past, that it would be unfair to suggest that when the defendant committed this offense he had conditioned himself to a willingness to accept whatever penalty was imposed because he didn't know that this would happen. This case will serve as notice that this penalty is possible for imposition in any similar future case.

I recognize that the restitution being ordered is not going to the individuals whose lives were disrupted by this action. It is going to Rockwell International. The reason is that Rockwell International has already paid the restitution to these people in terms of their overtime. So it's that money that is being ordered.

The persistent engagement in casual law-breaking without consideration for the lives of others who are involved in the process is unwarranted. In my view, the symbolism of paying $200 for that kind of errant delinquency should now be apparent.

For these reasons, the motion is denied; the sentence will remain as given.